MILLER, Judge.
Mr. Albert Kapotsy, Sr. seeks $37,050.00 for services rendered as acting manager of defendant corporation for the period December 29, 1959 to August 29, 1968. Plaintiff’s claim is based on the theory of quantum meruit. Plaintiff acknowledged that “no specific sum was agreed upon to pay (him) for his services, but (he) estimates that his services were worth $15.00 per day for five days a week or $75.00 a week * * * »
The trial court held that the claim had prescribed as to those services rendered more than three years prior to the December 2, 1968 filing of this suit. LSA-C.C. Art. 3538. The balance of the claim was dismissed on an exception of no cause of action filed after plaintiff rested his case on the merits. The trial court found that Mr. Kapotsy had no authority to act for the defendant corporation, and that he failed to establish that he expected to be paid for his services or that his services benefited the corporation. We affirm.
Llano Del Rio Company of Nevada was incorporated under the laws of Nevada during the year 1915. The primary purpose of the corporation was to organize a cooperative colony wherein no distinction was to be made between producer, middlemen and consumer, but that members of the colony were to give their labors for the joint benefit of all.
The corporation had an authorized capital stock of $5,000,000.00 which was divided into five million shares of a par value of $1 per share. Approximately one million shares are outstanding. Since 1917 the required majority of stockholders for election of corporate officials was never obtained. In re Llano Del Rio Co. of Nevada, 29 F.Supp. 916 (W.Dist.La.1939).
Immediately after incorporation, the corporation moved its place of activity to the Parish of Vernon at a site known as New Llano, Louisiana. They acquired 13,270 acres of land located in Vernon Parish. In March of 1936 the corporation *496 was placed in receivership administered by the State Court in Vernon Parish. This receivership was not terminated until October 26, 1966, at which time the only real estate owned by the corporation was forty acres of land. Plaintiff admitted that since 1959, the total income from the corporation assets has been $175.00. However, he has interested others in contributing sums of money to assist in recovering some 7,000 acres which he has alleged (in other suits) was improperly or fraudulently conveyed by either the corporation or the receiver.
Plaintiff introduced in evidence his one certificate for ten shares of stock in the corporation. He had endorsed the certificate to show that he had transferred one share to each of six named persons. Admittedly these transfers were not shown on the corporate books. Mr. Kapotsy and most of these six named persons made up an alleged “Board of Directors” which recognized plaintiff as manager. Plaintiff’s counsel admitted that there was no official Board of Directors during the time plaintiff acted as manager. Tr. 87.
Plaintiff recognized that there was another Board of Directors in California and that they had written a registered letter to him in 1963 informing him that he was discharged. He wrote back stating that they had no authority to discharge him.
Mr. Kapotsy testified that his work as manager consisted of receiving and answering mail addressed to the corporation and watching over the corporation property. In connection with his duties as manager, he attended his Board of Directors meetings (in Pineville, La.) several times each year and made over a hundred trips to see his attorney and three trips to Nevada.
On September 20, 1965, plaintiff’s group petitioned the 30th Judicial District Court in and for Vernon Parish to terminate the receivership. Mr. Kapotsy was not named as a party to these proceedings. Judgment terminating the receivership was signed October 20, 1966.
On October 11, 1966, the California Board of Directors sued plaintiff’s Board of Directors in the Second Judicial District Court of the State of Nevada in and for the County of Washoe. Judgment was rendered on May 17, 1968 after the parties stipulated certain facts. The judgment amended the corporate charter to provide that a quorum for a stockholders meeting “shall consist of those attending (the stockholder’s) meeting held as hereinafter provided either in person or by proxy.” A Master was appointed and directed to call a stockholders .meeting at a designated time and place. The Master was to ascertain “ * * * who the stockholders are and how many shares each are entitled to vote, * * We surmise from the record that plaintiff’s group was not elected as the Board of Directors at the first stockholders meeting held since 1917.
Plaintiff argues that it was through his effort that the receivership was terminated; that a lawful Stockholders meeting was held and a lawful Board of Directors elected. He also contends that he found that the corporation has a claim on 7,000 plus acres of land. In that connection he secured advances from interested persons to attempt to recover these properties. Plaintiff contends that the facts here are almost identical to those in Louisiana State Mineral Board v. Albarado, 248 La. 551, 180 So.2d 700 (1965).
In the Albarado case, an award of $10,-000 was made for services performed over a twenty year period. The services there consisted of making up a family tree for the Boutte Heirs and renewing it from year to year. The successful party proved that it was necessary to travel through seven states to check marriage certificates and birth records. As a result of his efforts, many heirs received an interest in ap *497 proximately 400 acres on Barataría Island in Jefferson Parish which was producing minerals. Over $106,000.00 was deposited in the registry of the court at the time the concursus proceeding was filed.
Plaintiff cites many quotations from the Albarado case.
“The law does not allow one to enrich himself at another’s expense.” 180 So.2d 700, at 706.
“It must be further conceded that if a party derives any benefit from services rendered by another, the law reasonably implies a promise to pay on the part of the one who has received such benefit, such amount as it is reasonably worth. Such amount is recoverable on the theory of quantum meruit. Recovery is permitted in these circumstances because of the hardship which would result to the person performing the services if there should be withheld from him all compensation whatever for his work, labor and the materials furnished by him.” 180 So.2d 700, at 707.
We distinguish Louisiana State Mineral Board v. Albarado, 248 La. 551, 180 So.2d 700 (1965). There, the services rendered inured to the benefit of the heirs under such circumstances as to imply an obligation to pay for it. Here the corporate philosophy was for each shareholder to labor for all. Mr. Kapotsy admitted under oath that he knew that the first and only other manager of the corporation’s Louisiana venture received no pay for his services. Plaintiff admitted in his petition that he had no agreement to be compensated. Plaintiff made no request for compensation during the nine year period that he held himself out to be manager. Plaintiff failed to prove that his services produced substantial income or gain for the corporation.
The judgment of the trial court is affirmed. Costs of Court are assessed to plaintiff appellant.
Affirmed.